Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MIGUEL A. MEJÍAS ORTIZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500049 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Evaluación Programa de Pre-Reinserción |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2025.

El Sr. Miguel A. Mejías Ortiz (el "Recurrente"), miembro de la población correccional, comparece, por derecho propio, mediante recurso de revisión judicial, y nos solicita que revisemos la determinación del Departamento de Corrección y Rehabilitación ("Corrección") de denegarle, en esta etapa, participación en un Programa de Reinserción Comunitaria (el "Programa"). Según se explica a continuación, concluimos que procede la confirmación de la decisión impugnada, pues es razonable la interpretación administrativa de la reglamentación pertinente, a los efectos de que es antes necesario entrevistar a las víctimas, lo cual no ha ocurrido.

I.

El 20 de noviembre de 2024, Corrección emitió una *Evaluación Programa de pre-Reinserción.* Determinó no recomendar al Recurrente para el Programa, ello porque se "requiere que [las víctimas] se entrevisten", y estas "no se han contactado".

Número Identificador
SEN2025_____

El Recurrente solicitó reconsideración, y mediante una Resolución notificada el 9 de enero, Corrección se reafirmó en su criterio.

El 21 de enero, el Recurrente presentó el recurso que nos ocupa. Arguye que no debe verse afectado por el hecho de que Corrección no haya logrado entrevistar a las víctimas y sugiere que el problema es que estas no "querían acudir a la entrevista". Sostiene que, de conformidad con la reglamentación pertinente, es suficiente para evaluarlo positivamente el que Corrección haya intentado, sin éxito, contactar a las víctimas para entrevistarlas. Resolvemos.

II.

En la evaluación de una solicitud de revisión judicial, los tribunales tienen que otorgar gran deferencia a las decisiones que toman las agencias administrativas, pues son estas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y estas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo a la totalidad de la prueba examinada. *Íd*. Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd*.

Así pues, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd*.

III.

Concluimos que procede la confirmación de la decisión recurrida, pues no se desprende de la argumentación del Recurrente razón para intervenir con la misma.

El Reglamento del Programa Integral de Reinserción Comunitaria, Reglamento Núm. 9488 de 9 de agosto de 2023 (el "Reglamento"), en su Artículo V(4), establece que, como parte de la evaluación para determinar elegibilidad para participar del Programa, "se entrevistará a la víctima del delito, cuando aplique".

Del texto de la referida disposición surge que es correcta, y ciertamente razonable, la interpretación de Corrección, a los efectos de que es necesario, cuando exista una víctima, entrevistarla antes de determinar que un confinado podría ser elegible para participar del Programa.

Así pues, en este caso, no existe razón para apartarse de la norma según la cual una determinación administrativa se presume correcta y merece nuestra deferencia.

Por los fundamentos antes expuestos, confirmamos la decisión impugnada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones